## HILL vs WATKINS, et al.

### Opinion delivered September 25, 1902.

1. *Unlawful Delainer—Landlord and Tenant—Outstanding Title.*

   In an action of unlawful detainer, the only question involved is one of tenancy, and where the relation of landlord and tenant existed and the term of tenancy had expired and notice to quit given, the plaintiff was entitled to a verdict, the defendant not being allowed to set up as defense an outstanding title, even in himself.

Appeal from the United States Court for the Southern District of the Indian Territory.

HOSEA TOWNSEND, Judge.

Action by Jim Watkins and others against Byron Hill. Judgment for plaintiffs. Defendant appeals. Affirmed.

This is an action in unlawful detainer, by appellees against appellant, for the possession of 160 acres of land and all improvements situated thereon. The complaint alleges ownership, tenancy, and unlawful holding over after demand. The amended answer, after denying the tenancy, sets up an outstanding title in the defendant. A motion was filed by plaintiffs to strike out that part of the answer setting up the outstanding title in the defendant, and sustained by the court. But the plaintiffs afterward filed their reply, denying the allegation of ownership, and the testimony was directed to both issues. Verdict for plaintiffs. Motion for new trial was filed and overruled, and the cause regularly appealed.

*A. B. Person* and *Robert H. West*, for appellant.

*J. C. Thompson*, for appellees.

CLAYTON, J. There are only two errors assigned, both directed to the same point, viz., the right of the defendant to show title in himself. The principle is too well settled to need the citation of authorities that in actions of unlawful detainer the only question involved is one of tenancy. It is not material whether the defendant owns the premises or not, nor from whom he obtained title. No objection is made that the court excluded proper testimony. The court's charge was clear and concise, and submitted the issue properly, and the jury found for the plaintiffs. The motion to strike out was properly sustained. If the relation of landlord and tenant had existed between the plaintiffs and defendant, or between the plaintiffs' grantor and the defendant, and the term of tenancy had expired, and written notice to quit had been given, the plaintiffs were entitled to a verdict. All other issues were properly eliminated from the case.

The judgment of the court below is affirmed.